## HENRY H. BERRY, ADMINISTRATOR OF HANNAH RYERSON, DECEASED, v. JACOB G. DOREMUS.

1. M. owed R. for board, and in 1849 sold a lot of land to D.  In consideration thereof, D. promised M. that he would pay, as part of the consideration money, to R. $100 per year after the death of M., as long as R. should live.  M. died in 1849, and R. in 1858.  On an action of assumpsit, brought by the administrator of R., D., in 1859—

2. *Held,* that it was no ground of non-suit, either because the statute of limitations, nor because it was a suit brought for an annuity, nor because it was an attempted testamentary disposition, nor because it was a proviso to pay the debt of another, nor because it was an agreement to be performed within one year, nor because it was an attempt to create a trust.

In assumpsit. On case stated for advisory opinion of this court.

James Mead, in 1849, sold a house and lot, in New York, to Jacob G. Doremus, the defendant, for $5000; and the said defendant thereupon, and in part consideration of the purchase, promised the said Mead that he would pay to Hannah Ryerson, the plaintiff's intestate, to whom he was indebted for board, the sum of $100 per annum, after the death of said Mead, so long as the said Hannah Ryerson should live. Jacob Mead died in 1849, and Hannah Ryerson in 1857. After the death of Hannah her administrator, Henry H. Berry, brought this action to recover the amount due on said promise.

On the trial at the Morris Circuit, the plaintiff having rested his cause, the defendant moved to nonsuit on six several grounds, as stated below in the opinion of the court. The nonsuit was granted, and the Circuit Court certified the case to this court for their advisory opinion, whether the nonsuit was rightly granted upon any of the grounds taken.

For the plaintiff, *A. W. Bell.*

For the defendant, *J. Vanatta.*

VREDENBURGH, J. This is an action of assumpsit, brought by the plaintiff against the defendant, upon a promise alleged to have been made by the defendant to the plaintiff's intestate, on the 2d day of April, 1849, by which the defendant, in consideration of a sale to him, by one James Mead, of the house and lot No. 33 Leonard street, in the city of New York, at the price of $5000, promised Mead to pay the said intestate, as part of the said purchase money, one hundred dollars a year, after said Mead's death, during her natural life. The plaintiff, on the trial, proved the execution and delivery of the deed for the said premises by Mead to the defendant, on the said 2d day of April, 1849, the promise to Mead, by the defendant, to pay the intestate, as

before stated, in consideration of board owing by Mead to her, the death of Mead, on the 5th of April, 1849, and the death of the intestate, on the 13th February, 1858.

The plaintiff thereupon rested ; whereupon the defendant moved for a nonsuit, upon the following grounds :

1st. Because plaintiff had proved no promise to pay within six years.

2d. Because the action is to recover the arrears of an annuity, which cannot be created except by deed.

3d. Because it is an attempted testamentary disposition.

4th. Because it is an agreement to pay the debt of another, and not in writing, and void under the statute of frauds.

5th. Because it is an agreement not to be performed within one year, and not being reduced to writing, is void under the statute of frauds.

6th. Because it was an attempt to create a trust, and not being in writing is void by the statute of frauds.

The court granted the nonsuit, and certified the case to this court for their advisory opinion, whether the nonsuit was rightly granted upon any of the grounds above stated. We are not asked if the nonsuit was rightly granted generally, but whether it was rightly granted for the grounds stated.

As to the first ground taken, the statute of limitations does not commence to run until six years after the cause of action accrues. Here the cause of action only accrued at the end of each year after the death of Mead, and until the intestate died. Mead died in 1849, and the intestate in 1858, and this suit was brought in 1859. There are several years, therefore, which could not have been barred by the statute.

The second ground for nonsuit assigned is—because the action is brought to recover the arrears of an annuity, which cannot be created except by deed.

But the cause of action set forth in the declaration is not an annuity, nor does the proof show an annuity. The de-

claration counts simply on a parol assumpsit. An annuity is an incorporeal hereditament created by grant, which necessarily implies an instrument under seal. *Coke Lit.* 166, *b.*

The plaintiff's claim is not for an annuity, within the technical meaning of the term, at all, but upon a simple assumpsit to pay. The doctrine of annuities has no application therefore to the case. The second ground assigned for a nonsuit therefore fails.

The third ground assigned for a nonsuit was, that the proceedings between these parties, · Mead, the intestate, and the defendant, was an attempted testamentary disposition. But how so? It was not so, as regarded the intestate and the defendant; nor can I see how it was on the part of Mead. He owed the intestate, and it wanted no testamentary disposition to force him to pay his debts. He might pay her by any legal arrangement *inter vivos* that he saw fit. If he saw fit to sell real estate, and pay her out of the proceeds at any such time as suited himself, there was nothing testamentary about it. He might sell his house, and take pay on any terms of credit in his discretion. Suppose he had exacted from the purchaser a note payable to the intestate as part pay for the lot, there could be nothing testamentary or illegal in it. A note of hand by A. to pay B., after the death of C., is perfectly good, so far as anything testamentary about it is concerned.

The fourth ground assigned for granting the nonsuit was, because the agreement of the defendant was to pay the debt of another person, and not in writing, and so void under the statute of frauds. But this agreement of the defendant was evidently, not one to pay the debt of another. It was an agreement to pay his own debt. He, by taking the deed, became indebted to the grantor, and his agreement was to pay a part of his indebtedness to the grantor, to his order or appointee. It was the same, in legal effect, as agreeing to pay so much of the consideration of the deed to the grantor himself. By so doing he was not paying the debt of Mead, but his own debt to Mead.

The fifth ground of demanding a non-suit was because the agreement was void under the statute of frauds, as it was not reduced to writing, and was an agreement not to be performed within a year.   But here the contract on the part of Mead was actually and entirely performed, at the very time of making it.   His deed was actually executed and delivered, and the defendant went immediately into possession under it, and always has been, and still is in possession of the premises under it, and always has, and still does receive the rents of the same under it.   He now seeks to keep the land under the deed, and repudiate the consideration money by force of the statute of frauds.   But the statute of frauds applies to no such case.   It only applies to cases where neither side is to perform the contract within one year.   At least it does not apply to cases where one of the parties is to perform, and does in fact perform immediately.   3 *Barn. & Ad.* 889, (23 *Eng. Com. Law* 217) *Donellan* v. *Read;* 7 *Taunt.* 157, *Hoby* v. *Roebuck;* 11 *East* 142, *Boydell* v. *Drummond;* 1 *Ld. Raym.* 316, *Smith* v. *Westall;* 1 *B. & A.* 722, *Bracegirdle* v. *Heald;* 3 *Burr.* 1278, *Fenton* v. *Emblers;* 11 *Metc.* 411 ;* 1 *South.* 145 ;† 2 *Denio* 87, *Broadwell* v. *Getman;* 2 *Parsons on Cont.* 319, *note* 2, *and cases there cited;* 13 *Barb.* 498 ;‡ 4 *Exch.* 631, *Cherry* v. *Heming.*

The sixth ground uged for a non-suit was, because it was an attempt to create a trust, and not being in writing, is void by the statute of frauds.   But I cannot see what trust was here attempted to be created.   It was an ordinary deed of bargain and sale for the consideration therein expressed. The defendant agreed to pay the consideration as the grantor prescribed.   The grantee assents to the terms of payment, among which was the agreement to pay part of the consideration money to the intestate, in place of paying it to the grantor himself.   There was no more trust created in agreeing to pay the intestate, than in agreeing to pay the grantor himself.   There was no other trust than there always is between the vendor and vendee, when the vendee agrees to pay the consideration at a future time, or in the vendee

---

* *Lyon* v. *King.*    † *Mannings* v. *Randolphs.*    ‡ *Talmadge* v. *Rensellaer and Saratoga R. R. Co.*

agreeing to pay the vendor for a pound of sugar the next day. The agreeing to pay part of the consideration to the intestate was the same, in legal effect, as agreeing to pay the grantor. The whole upshot of the matter was, that the defendant owed Mead for land sold, and agreed with Mead to pay part of the purchase money to his order, instead of to himself. There was no such trust as required to be in writing by the statute of frauds. I see no reason to grant a non-suit upon any of the grounds urged upon the Circuit Court, and think that the court should be advised accordingly.

OGDEN and VAN DYKE, Justices, concurred.