ISRAEL H. MAAGGET, RESPONDENT, v. A. BRAWER SILK COMPANY AND ARTHUR BRAWER, INDIVIDUALLY, APPELLANT.

VOGUE SILK COMPANY, RESPONDENT, v. A. BRAWER SILK COMPANY, APPELLANT.

Submitted July 1, 1920—Decided November 3, 1920.

1. Objections must be timely and made to the question. It is too late to enter an objection after the question has been answered.
2. Where the corporate existence of a plaintiff is denied in the answer, the proper method of proof is by the production of the original certificate of incorporation, or a certified copy thereof, if a domestic corporation, and if a foreign corporation, by a copy of the certificate of incorporation duly certified according to the act of congress.
3. Where improper evidence has been admitted, the judgment rendered in the action will not be reversed if it appears that the substantial rights of a party have not been injuriously affected.
4. Where the authority of one acting as an agent to make a contract and sign the memorandum thereof is denied, other contracts of a similar nature made at or about the same time and under similar conditions and circumstances are admissible in evidence to show the agent's authority to bind his principal.
5. Where the answer denies the making of the contract sued on it is unnecessary for the defendant to set up in the answer the statute of frauds in order to avail itself of this defence.

---

On appeal from the Passaic County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and KATZENBACH.

For the appellants, *William B. Gourley, Albert Comstock* and *Hudson & Joelson.*

For the respondents, *David H. Butz* and *Clifford L. Newman.*

The opinion of the court was delivered by

KATZENBACH, J.    The above actions were instituted in the Passaic County Circuit Court. They arose out of the same transaction and were tried together. The suit instituted by Israel H. Maagget was to recover commissions for selling to the Vogue Silk Company, the plaintiff in the other action, silk belonging to the A. Brawer Silk Company. Maagget claimed that the defendant had agreed to pay him a commission of three per cent. on the gross amount of the sale, and had failed to do so, and also had failed to pay him a balance of $204 due on a sale of silk made by him to W. B. Frankel. The Vogue Silk Company sued to recover damages for the failure of the defendant to deliver the silk sold to it by Maagget. The Vogue Silk Company claimed that Maagget was authorized by the defendant to sell to it two hundred and fifty pieces of silk goods, seventy yards to the piece, for ninety-five cents per yard, delivery to be made within a reasonable time. The defendant denied that Maagget was its agent or had any authority to sell its silk to the Vogue Silk Company or anyone else. The cases were submitted to the jury, which returned a verdict of $703.50 for Maagget and $2,614.50 for the Vogue Silk Company. The defendant appeals to this court from the judgments rendered in the Passaic County Circuit Court.

The first ground of appeal raises the question as to whether the trial court erred in permitting Maagget to answer the following question, "Did you take other orders under similar conditions?" Maagget had testified as to the circumstances surrounding the taking of the order of the Vogue Silk Com-

pany, and then was asked the above question. The question was answered before objection thereto was made. In fact, no objection to the specific question was made, but a general objection to evidence of other sales as proof of Maagget's agency was entered. Assuming that the objection made does apply to the specific question made a ground of appeal, the objection was made too late. Objections must be timely. Unless made in time they will not be considered. *Willet* v. *Morse*, 71 *N. J. L.* 104; *United States Transfer Advertising Co.* v. *Young*, 80 *Id.* 151.

The second ground of appeal is addressed to the propriety of the trial court permitting the following question to be asked of a witness, "Is the Vogue Silk Company a corporation?" The purpose of the question was to prove the incorporation of the plaintiff, the defendant having denied in its answer the allegation of the complaint that the Vogue Silk Company was a corporation of the State of New York. This was not the proper way to prove the incorporation of the Vogue Silk Company. Where, in the pleadings, corporate existence is denied, the proper method of proof thereof is the production of the original certificate of incorporation or a certified copy thereof, if a domestic corporation; if a foreign corporation, then by a copy of the certificate of incorporation, duly certified according to the act of congress. *Stone* v. *State*, 20 *N. J. L.* 401.

In the instant case, the lack of proof of corporate existence of the plaintiff, which had been challenged in the answer, was not urged by the defendant as a ground for nonsuit. It was not mentioned in the motion to direct a verdict for the defendant. It arose after the motion to direct a verdict had been made, during a discussion between the court and counsel with reference to the pleadings. When counsel for the defendant made the statement that there was a denial that the plaintiff was a corporation, a request by counsel for the plaintiff was made to recall a witness for the purpose of proving incorporation. It was then that the question under review was asked, objected to and answered by direction of the court. No motion to nonsuit afterwards was made on the ground of

imperfect or incomplete proof of the plaintiff's incorporation. The question presented to us, therefore, is one respecting the admission of evidence.

When the supplement to an act entitled "An act to regulate the practice of courts of law (Revision of 1903)" was enacted in 1912, it was designed to abolish, as far as possible, the technicalities of practice theretofore existing. In the first section of the act it is stated that "it [the act] shall be liberally construed, to the end that legal controversies may be speedily and finally determined according to the substantive rights of the parties." The twenty-seventh section of the act provides:

"No judgment shall be reversed, or new trial granted on the ground of misdirection, or the improper admission or exclusion of evidence, or for error as to matter of pleading or procedure, unless, after examination of the whole case, it shall appear that the error injuriously affected the substantial rights of a party."

While we are of the opinion that the admission of the evidence of incorporation of the plaintiff offered was improper, yet we fail to see in what respect the error of its admission injuriously affected the substantial rights of the defendant. For this reason the judgment rendered should not be reversed and a new trial granted.

The third ground of reversal is the admission in evidence of a letter signed by one J. P. Feeney. This letter, dated May 3d, 1919, was a confirmation by Feeney, who was manager of the defendant, A. Brawer Silk Company, of the sale of certain silk by Maagget to Wm. B. Frankel & Co., Inc. Maagget's suit was in part for commissions for effecting the very sale evidenced by this letter. It was, therefore, clearly admissible in the Maagget case to prove the sale which was the basis of his claim for commissions.

The memorandum of the Vogue Silk Company contract was dated May 2d, 1919, which was one day before the date of the letter signed by Feeney, evidencing the Frankel sale. The Feeney letter showed that at about the time of the sale to the Vogue Silk Company the defendant had recognized

Maagget as its agent for the sale of silk. Where other contracts are of a similar nature and made under substantially similar conditions and circumstances at about the same time as the one in dispute, they are admissible as evidence of an alleged agent's authority to bind his principal.

The fourth ground of appeal was abandoned. The fifth ground of appeal is the refusal of the trial court to direct a verdict for the defendant. The grounds upon which the motion to direct a verdict was based were that there was no memorandum in writing which satisfied the statute of frauds or the fourth section of the Sales act, and that the Apex Silk Company and not the A. Brawer Silk Company against whom the suit was instituted was the proper defendant. The trial court held, in disposing of the motion, that the statute of frauds had to be pleaded, and that it was a question for the determination of the jury as to whether the Apex Silk Company was not in fact the A. Brawer Silk Company, the defendant, trading under the name of the Apex Silk Company. We are of the opinion that the motion was properly refused. We do not agree, however, with the statement of the trial court that the statute of frauds had to be pleaded. The fifty-eighth rule of the Supreme Court does provide that—

"The answer must specially deny such allegations of fact in the complaint as defendant intends to controvert, unless he intends in good faith to controvert all the allegations; in that case he may deny them generally. It must specially state any defence which is consistent with the truth of the material allegations of the complaint, and any defence which, if not stated, would be likely to cause surprise, or would raise issues not arising out of the complaint. For instance, the statute of frauds, or of limitations, release, payment, performance or facts showing fraud, illegality or contributory negligence."

In the present case the defendant denied in its answer the making of the contract. The law under these circumstances has been well and clearly stated by Mr. Justice Bergen in the case in the Court of Errors and Appeals of *Ziegener and Lane* v. *Daeche*, 91 N. J. L. 634, to be as follows:

"The settled doctrine of the court is, that if the answer admits the contract, without stating that it was not in writing, and setting up the statute of frauds, the statute cannot be used as a defence. The admission will be held to be that of a legal contract—that is, a written one, and no proof need be offered of it. But if the pleading or answer denies the existence of any agreement, the plaintiff will be obliged to prove one; and he must prove a legal agreement which, in cases within the statute of frauds, is a written one. But where the answer admits an agreement, though only a parole one, the defendant must plead the statute in order to obtain its protection."

Maagget, who made the sale to the Vogue Silk Company, signed a memorandum at the time in the office of the Vogue Silk Company, which was as follows:

"VOGUE SILK Co.
　Makers of Style Silks.
　　329–331 Fourth Avenue.

NEW YORK 5 2 1919.

Bought from Apex Silk
Company, Dept. of A.
Brawer Silk Co., Paterson, New Jersey.

Delivery at once of 125 p. Price.

250 pcs. quality 60, $.95 in the Grey 46 to 47 inches in widths. Construction 2-45 3 Thread Filling—72 picks as per sample piece delivered by Mr. Maagget, your representative.

Terms as follows: 125 pcs. net cash 10 days, 125 pcs. net cash dated as May 30th.

Guaranteed against defective silk.

I. H. MAAGGET."

Chief Justice Depue, in the case of *Johnson and Miller* v. *Buck,* 35 *N. J. L.* 338, said: "The memorandum must contain the full terms of the contract—that is, the names of the

buyer and seller, the subject of sale, the price and terms of credit, and the conditions of sale, if any there be."

The memorandum in this case complies with these requisites. The one question with reference to the memorandum was whether Maagget had authority to sign it. That he signed it with his name instead of his principal makes no difference. The Sales act provides that the memorandum can be signed by the agent of the party to be charged. Whether Maagget had or had not authority to make the sale was a question of fact. There was evidence that Maagget at the time was selling silk for the defendant to other parties; that at the time of making the sale to the Vogue Silk Company Maagget called on the telephone the defendant company and conversed with its manager, Feeney, who conversed with Brawer, the president, and then gave instructions to Maagget; that the order was sent to and received by the defendant, and was accepted by the defendant. We feel that the evidence was sufficient to warrant the submission to the jury of the question of Maagget's authority to act for the defendant. There was also evidence that the Apex Silk Company, mentioned in the memorandum as the purchaser, was in fact the A. Brawer Silk Company, the defendant, and that the Apex Silk Company was conducted by the defendant as a department of its business. The trial court was therefore correct in its ruling that it was a jury question whether the Apex Silk Company or the A. Brawer Silk Company was under the evidence the seller.

The sixth ground of appeal is, that the trial court held that the plaintiff was not required to prove a contract in writing or memorandum signed by the defendant, because the statute of frauds or the Sales act was not pleaded. This question has already been considered.

The seventh and final ground of appeal is that the court charged the jury: "On the other hand, if you find as a matter of fact that these goods were the goods of the A. Brawer Silk Company and that Mr. Maagget was authorized to sell them, and the A. Brawer Silk Company recognized the contract, then, of course, that company can be held." The

defendant contends that this passage taken from the charge is erroneous and harmful because it does not state that Maagget was authorized to enter into the contract in question. The passage does state that "if you find  *   *   *   that Mr. Maagget was authorized to sell them," &c. Authority to sell implies authority to make a contract of sale. *Morris* v. *Ruddy,* 20 *N. J. Eq.* 236 (at *p.* 237). We see no error in this part of the charge. This disposes of all of the grounds of appeal relied on which we think are insufficient to reverse the judgments rendered in the case. The judgments are, accordingly, affirmed, with costs.