### Ward, et al. v. E. Guthrie and E. O. Guthrie.

(Decided November 29, 1921.)

### Appeal from Harlan Circuit Court.

1. Damages—Breach of Implied Contract.—An action for the value of coal carried away and removed from the lands of the plaintiffs and sold and converted to the use of the defendants, and praying for the value of the coal so converted, is an action for the breach of an implied contract by the defendant to pay therefor.

2. Damages—Breach of Contract—Waiver.—Such an action is a waiver of the tortious acts committed by the defendants in entering upon the land and removing the coal.

3. Corporations—Liability of Stockholders and Officers for Conversion.—Stockholders and officers of a corporation which has been guilty of conversion are not personally liable for the conversion even though they, acting in the name of the corporation, were guilty of the acts resulting in the conversion by the corporation.

J. S. FORRESTER, H. C. CLAY and CLAY & CARTER for appellants.

W. F. HALL and JAMES H. JEFFERIES for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

In July, 1918, appellants as plaintiffs filed their ordinary action in the Harlan circuit court against the Republic Coal Company, W. F. Hall, E. Guthrie and E. O. Guthrie, wherein the plaintiffs alleged they were the owners of a small tract of coal lands in that county of about 6.87 acres, and that ''the defendants unlawfully, willfully and forcibly, without any right or authority from plaintiffs and against their will or consent, entered upon, in and under said land and mined, carried away, sold, removed and destroyed and converted to their own use and benefit all of what is known as the 'Harlan Seam' of coal which was in and under every part and parcel of said boundary of land and which contained at least fifty thousand tons of coal of the value of four dollars per ton or a total value of two hundred thousand dollars. They state that the defendant, Republic Coal Company, was, during the time said coal was thus taken and converted, a corporation, and said coal was all mined, taken and converted in its name, but was actually taken by the defendants, E. Guthrie, E. O. Guthrie and W. F. Hall, all of whom received the benefits and proceeds of the sale and conversion of said coal.''

In an amended petition, after alleging that the other defendants in entering upon the land and removing therefrom the coal were acting under a lease from the defendant, W. F. Hall, it is further alleged ''that defendants forcibly possessed themselves of said entry and by force held the same against these plaintiffs until finally evicted by a judgment of this court and that while they so forcibly held said lands they unlawfully, wrongfully and without right mined and removed therefrom and converted to their own use said fifty thousand tons of coal of the value of at least four dollars per ton mentioned in the original petition herein.''

During the progress of the case in the circuit court upon motion of the defendants the cause was transferred to the equity docket over the objection of the plaintiffs, and referred to a special commissioner. Upon the report of the commissioner the parties filed exceptions and the cause was submitted to the court on exceptions and in chief and a judgment in several paragraphs or subdivisions entered by the court.

From certain parts of that judgment the Republic Coal Company appealed, and the plaintiffs prayed and were granted a cross-appeal, and this court reversed that judgment on the cross-appeal for the reason that the cause had

been improperly transferred to the equity docket. Republic Coal Company v. Ward, 191 Ky. 368.

In its judgment the lower court dismissed the action as against the two Guthries and neither of them was a party to the former appeal above referred to; but this is an appeal by the plaintiffs from that same judgment insofar as it dismissed the action against the two Guthries.

The evidence showed that the two Guthries were each stockholders in and officers of the Republic Coal Company and that the company had gotten the full benefit of the coal taken from the land in question, and the taking out and selling of the coal was done by them as the managers of the Republic Coal Company and for it and in its name and for its benefit, and the company had gotten the proceeds of the sale thereof. It is clear from this that it was the corporation acting through the Guthries as its officers and agents that converted the coal taken from appellants' property, and the lower court evidently dismissed the action as against the two Guthries for the reason that officers or stockholders of a corporation, acting for and in the name of the corporation, are not, in an action for debt or a breach of contract by the corporation, personally liable although they in person do the things which make the corporation liable.

It will be seen from the allegations of the plaintiffs' pleadings, which we have quoted, that this is essentially an action for the value of property converted to their own use by the defendants as alleged. There is no allegation constituting an action which sounds in tort; the action is wholly one seeking to recover the value of a certain part of plaintiffs' real estate which the defendants had converted into personal property, removed and sold, and upon the promise implied by law to pay the value thereof.

There is no allegation that the defendants had broken the close and seeking damages for that and the resultant acts thereafter; if there had been such allegation it would have been an action for damages to the plaintiffs' real estate and the essential thing would have been that the close had been broken, which is a tortious act, and the individuals who had done that even though acting in the name of the corporation would have been liable. But here the plaintiffs have seen proper to waive the tortious acts growing out of the breaking of the close, and to ask only for judgment for the value of the property that has been

removed, and that is nothing more nor less than an action on a promise implied by law to pay therefor.

In other words, the plaintiffs have elected to waive the tortious acts committed by the defendants and to bring their action on a contract implied by law to pay for the value of the property removed. Kentucky Stave Company v. Page, 125 S. W. 170; Christopher v. Covington, 2 B. M. 369.

The action being one for conversion and therefore upon an implied contract, and the evidence showing that the conversion, was by the corporation and not by the individuals, the action of the lower court in dismissing the two Guthries was proper.

The fact that the court on the other appeal from this judgment, to which neither of the Guthries was a party, reversed the judgment as between the parties thereto because of the erroneous action of the court in transferring the cause to the equity docket furnishes no reason why this judgment should not be affirmed; for under the pleadings and evidence in this case if there had been a jury trial instead of an equity trial it would have been the duty of the court, as the record stands, to have given a peremptory instruction to find for the two Guthries.

Judgment affirmed.