## Darnell v. Johnston.

### (Decided May 15, 1925.)

### Appeal from Grayson Circuit Court.

1. Attachment—That Bond is Not Twice Amount Sued for Held Not to Invalidate Attachment.—That attachment bond was less than twice the sum sued for, as directed by Civil Code of Practice, section 198, did not invalidate attachment, especially since defendant might demand additional security under section 236.

2. Attachment—On Failure to Complain, Insufficiency of Bond was Waived.—Where attachment bond did not secure twice the sum sued for, as directed by Civil Code of Practice, section 198, failure to complain held to waive insufficiency, as, under section 682, bond could have been amended, if required.

3. Gas—Recovery Under Contract for Gas from Oil Well Sustained.—Where, under contract for gas produced by oil well, purchaser was to funish meter to measure it, which he failed to do, recovery based on charges for one-third of lowest estimates as to what well was producing could not be objected to by purchaser.

4. Gas—Buyer Held Responsible for All Gas Taken under Contracts.—Buyer of gas from well under contract in which he agreed to lay all pipe lines, make all necessary repairs, and install necessary meters to determine amount used by him, held responsible under contract for gas wasted, as well as for that actually resold to his customers.

5. Gas—Buyer of Gas Responsible Individually to Seller, Notwithstanding Resale to Corporation Organized by Him.—Buyer of gas produced by oil well, under contract of record at given price per thousand cubic feet, which he resold to corporation organized by him held directly responsible under contract to seller for gas used, as against contention that seller's remedy was against such corporation.

6. Evidence—Burden is on Defendant to Prove Counterclaim.—
Where defendant's counterclaims are controverted of record, bur-
den of proof is on him.

7. Appeal and Error—Ruling of Court Must be Made to Appear on
Record, or Exceptions will be Waived.—In order to insist on ex-
ceptions on appeal, ruling of court on exceptions must be made
to appear on record, or exceptions will be waived.

JAMES H. POLSGROVE for appellant.

HOBSON & HOBSON, L. A. FAUREST, J. M. CAMPBELL and
ALLEN P. CUBBAGE for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

Appellee Johnston recovered a judgment against
appellant Darnell, for $9,546.24, the attachment issued
was sustained, and to satisfy the lien resulting from the
levy of that attachment a sale was ordered of certain
rights held by Darnell, under a contract of record in
lease book D, page 271, in the office of the clerk of the
Grayson county court. On November 25, 1918, Johnston
made a contract with Darnell by which he sold to Darnell
gas produced by a certain well near Leitchfield, Ken-
tucky, as well as gas that might be produced from the
wells that might be drilled on adjoining property. It
was then contemplated by the parties that Darnell should
install a gas system in Leitchfield, Kentucky, and it was
at that point that the parties expected that Darnell would
market gas by selling same to the people of Leitchfield
for domestic use.

The second clause of that contract is:

"It is agreed by the parties hereto that the said
party of the first part (Johnston) is to receive the
sum of ten cents for each thousand (1,000) cubic feet
of gas, either produced from the wells now on said
acreage or by wells hereafter drilled by either party
to this contract, or from any wells drilled on said
above described territory, all casing to be left in
wells if gas or oil is found."

On January 6, 1923, Johnston sued Darnell, and al-
leged that Darnell had received from the well 122,642,900
cubic feet of gas for which he should have paid $12,624.29,
but upon which he had only paid Johnston the sum of
$2,718.07, leaving a balance due Johnston of $9,906.22,

for which he asks judgment. On the same day that the suit was filed, Johnston gave bond and had an attachment issued which was levied on Darnell's rights under the contract, Johnston's verified petition containing the necessary allegations therefor.

Darnell has assigned many reasons why the judgment should be reversed. He complains of this attachment and says the bond for the attachment was not sufficient. Johnston gave bond for $12,264.29, and as he was suing for $9,906.22, Darnell insists that Johnston should have given bond for twice the sum he sued for, or in other words, $19,812.44, as required by section 198 of the Civil Code. The clerk is merely directed to require bond to the extent of double the amount of the plaintiff's claim as presumably sufficient. See Marchand v. York, 10 Ky. L. R. 777. If the bond is for less than double the amount sued for, that does not invalidate the attachment, provided it is for a sum large enough to secure the defendant against loss. See Sutton v. Perkins, 11 Ky. Opin. 76. This bond is taken for the protection of the defendant. If he feels it is not sufficient, he may under section 236 of the Civil Code, ask for additional security, which Darnell did not do. By section 682 of the Code, this bond could have been amended if required. Having made no complaint of this bond below, it insufficiency was waived.

In Martin v. Thompson, 6 Ky. (3 Bibb) 252, it was held that an attachment was void where the bond was for less than double the amount sued for but that was under section 6 of the practice act of December 19, 1796, which provided:

"Every justice of the peace before granting such attachment shall take bond and security . . . in double the sum to be attached, . . . and every attachment issued without such bond taken is. hereby declared illegal and void," etc.

In section 9 of the contract between Johnston and Darnell we find that it was agreed by the parties that Darnell shall, at his expense, lay all pipe lines and mains and equip all additional gas wells for the purpose for which he is entitled to use gas, and at his own expense make any and all necessary repairs, and pay all expense of maintenance and shall, at his own expense, install all necessary and suitable meters for the purpose of determining the amount of gas used by him, and shall pay any and all damages sustained by any person by

reason of the construction or operation of the gas plant or equipment by him, it being agreed that Johnston shall be at no expense whatever for anything in connection with the contract, except as provided elsewhere in the contract.

Darnell installed a meter, but he could not get it to work, and took it out and ran without any meter by which it could be determined how much gas he was taking from this well. Darnell sought to determine the amount of gas used by summing up the readings of the individual meters by which he collected from his customers. It is alleged and supported by considerable proof, that there were many leaks in the lines which Darnell installed. It is also insisted that he installed in this well a device, or siphon, by which the gas was used to blow and pump out of the well the salt water and slimy substances that accumulated in the bottom of it. It is contended by Johnston, and there is proof to support the contention, that this device that they term a siphon caused a great deal of gas to escape into the air and to be lost. Darnell now insists that there was no evidence to support the judgment against him. The evidence showed that at the time Darnell got this well, it was producing more than 500,000 cubic feet of gas a day. The output of the well was measured by several parties and the lowest estimate which any of them made was that the well was producing 225,000 cubic feet of gas a day. By the contract, Darnell was to provide a meter to measure this gas, and as he did not do that, we can conceive of no better method by which the amount of gas produced could be determined, than to take the estimated production per day of the well and multiply that by the number of days that Darnell had the use of it. The court's judgment charges Darnell with about one-third of the lowest estimate made by any one of what this well was producing.

Darnell contends that he should only be charged with the gas which was delivered to the customers, but we cannot agree with him. Johnston turned this well over to him, and Darnell agreed to measure the gas. Having failed to do so, he cannot now complain when the court adopts the best method it can find to determine how much of Johnston's gas he got. It is true that this charges Darnell with not only the gas he sold, but also the gas he wasted, either by the installation of this siphon or by the leaks in the lines. Darnell complains of that, but he should be charged with all the gas which he took from

the well, whether he used it or allowed it to waste. He suggests to us no better method by which this could be determined than the one the court adopted.

> "If a party fails to perform his duty of keeping accurate account of partnership affairs, all doubts respecting particular items will be resolved against him, unless there is some reason for not applying the rule, and in such case the court will resort to the best evidence obtainable to ascertain the true state of the account." Marcum's Admr. v. Marcum, 154 Ky. 401, 157 S. W. 1101.

Shortly after this contract was made, Darnell organized a corporation known as the Leitchfield Natural Gas Company, and he made with that corporation a contract similar to the contract Johnston had with him, and that corporation undertook to pay to Darnell twenty-five cents per thousand cubic feet of gas, and Darnell insists that he should not be responsible for this gas, but that Johnston should have sued the Leitchfield Natural Gas Company. Johnston's contract was with Darnell. He had no contract with the Leitchfield Natural Gas Company, and there is no reason why he should have sued that company, nor is there any reason why Darnell should not be responsible for all the gas which he allowed the Leitchfield Natural Gas Company either to use or waste from that well. Darnell made the contract with the Leitchfield Natural Gas Company, that is a matter between him and it, and in no manner affects Johnston's right to look to Darnell for the contract price of the gas.

Darnell could make any contract he pleased with other persons, could turn over the property to anybody he pleased, but he still remained liable to Johnston. The case of Ward v. Guthrie, 193 Ky. 76, 234 S. W. 955, relied on in the brief for Darnell, was an action in tort for the conversion of the plaintiff's property, and, of course, it was held that the defendant was only liable for what he had converted; but that is not the cause we have here. This is an action on a contract.

In his answer, Darnell counterclaimed for

| | |
|---|---|
| Damages | $7,500.00 |
| Repairs | 682.00 |
| | $8,182.00 |

As his answer was controverted of record, the burden was on him to sustain his counterclaims by proof. Darnell claimed this $7,500.00 for damages sustained by him because, as he says, Johnston failed to keep the leases upon adjoining property alive, but the proof fails to show any lease was so lost. He failed to produce evidence that it was obligatory upon Johnston to pay the $682.00 for repairs Darnell made on the well. This would be a difficult claim to establish, in view of section 9 of the contract quoted.

Darnell filed exceptions to the depositions and the record does not show the ruling of the trial court thereon. If Darnell wished to take any exception here to the ruling of the court on these exceptions, it was incumbent on him to make the record show what action the court took thereon. The fact is the court by oversight failed to indicate on the record his ruling on the exceptions, and this being true, defendant should have asked that this be done if he wished to insist here on his exceptions, and he having failed to do this, all objections to the form of the depositions or the notice or certificates were waived. Johnston v. Williams, 187 Ky. 764, 220 S. W. 1057.

This court must presume that the circuit court ruled properly in the absence of any showing to the contrary in the record.

> "However, this court in such a case will consider only such evidence as is competent for the purpose of passing on the propriety of the judgment below." Skidmore v. Harris, 157 Ky. 756, 164 S. W. 98.

This property has been sold, the sale confirmed, and appellee says that the affirmance of judgment upon original appeal will satisfy him, therefore, it is not necessary to consider the cross-appeal.

This has been an unfortunate undertaking for Darnell; he has worked hard, and lost much money, but we are unable to find any reversible error.

The judgment must be affirmed.