IRA W. BOYCE, PLAINTIFF-APPELLEE, v. ANTHONY MILLER, DEFENDANT-APPELLANT.

Submitted January 19, 1937—Decided March 23, 1937.

Before Justices TRENCHARD, BODINE and HEHER.

For the defendant-appellant, *Joseph M. Turner.*

For the plaintiff-appellee, *Gilbert H. VanNote.*

PER CURIAM.

The defendant appeals from a judgment in the sum of $402.64. The action was brought to recover one cent a gallon on all gasoline sold by the defendant between July 1st, 1935, and February 29th, 1936. The plaintiff, for a number of years, had conducted a general store and gasoline station at the corner of Roosevelt avenue and Monmouth road in the township of Ocean, Monmouth county, New Jersey. In April, 1933, he entered into negotiations with the defendant for the leasing of the real estate, the sale of the stock and good-will of the store business and the transfer of such rights as he had in the sale of Tidewater oil products. The lease was executed, as well as a bill of sale for the merchandise on hand. The defendant obtained the right to sell Tidewater oil products and remitted to the plaintiff until July 1st, 1935, the sum of one cent per gallon on the gasoline sold by him, making a total of $1,200. This last circumstance clearly demonstrated his complete understanding of the contract in suit as proved by the plaintiff's testimony.

There was a valid consideration for the agreement by the defendant to pay one cent per gallon on the gasoline sold, whether the transaction be viewed as an entirety or three separate undertakings. The plaintiff had fully performed his part for he had put the defendant in possession of the store premises and had successfully exerted his best efforts to obtain for the defendant the right to sell Tidewater products in the same manner as he had sold them.

It is urged that the agreement to pay the one cent per gallon on gasoline sales comes within the prohibition of section 5 of paragraph 5 of the statute of frauds and perjuries (2 *Comp. Stat.*, p. 2612), not being evidenced by writing and not being an agreement to be performed within one year from

the making thereof. Contracts not to be performed within one year may be taken out of the statute through an entire performance by one of the parties thereto. In the case of *Berry* v. *Doremus,* 30 *N. J. L.* 399, an action was brought on a contract, whereby in consideration of the sale of a house by one Mead, the defendant had promised Mead that he would pay to the plaintiff's intestate the sum of $100 a year during her lifetime. The court said: "The ground of demanding a nonsuit was because the agreement was void under the statute of frauds, as it was not reduced to writing, and was an agreement not to be performed within a year. But here the contract on the part of Mead was actually and entirely performed, at the very time of making it. His deed was actually executed and delivered, and the defendant went immediately into possession under it, and always has been, and still is in possession of the premises under it, and always has, and still does receive the rents of the same under it. He now seeks to keep the land under the deed, and repudiate the consideration money by force of the statute of frauds. But the statute of frauds applies to no such case. It only applies to cases where neither side is to perform the contract within one year. At least it does not apply to cases where one of the parties is to perform, and does in fact perform immediately."

In this case, the plaintiff had fully performed his agreement and all that remained for the defendant to do was to carry out his agreement which was clearly shown, if no other facts had been proven, because of his own conduct in making payments of the stipulated sum up until the time when some dispute arose between the parties concerning an entirely different matter.

The judgment is affirmed, with costs.