JOHN THOMPSON, AS ADMINISTRATOR OF THE ESTATE OF LAURA BECKER, DECEASED, PLAINTIFF-APPEL-LANT, v. ESTELLA VAN HISE, DEFENDANT-RESPOND-ENT.

Argued October 2, 1945—Decided January 9, 1946.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and OLIPHANT.

For the plaintiff-appellant, *Edward W. Currie.*

For the defendant-respondent, *Bernard H. Weiser.*

The opinion of the court was delivered by

OLIPHANT, J. This is an appeal from a judgment entered in the Monmouth County Circuit Court where, on the trial

of the issue, plaintiff was nonsuited on his opening. This we conclude was error.

The complaint in its first count set forth that plaintiff was the administrator of the estate of Laura Becker, his mother; that she had purchased during her lifetime three insurance policies and had designated therein the defendant, her niece, as beneficiary; that in consideration of such appointment and the payment to her of fifty dollars ($50) for her services from the proceeds of one of the policies the defendant agreed to use the remaining proceeds to pay the funeral expenses of decedent and erect a suitable monument over her grave; that demand for performance of the agreement was made and refused. The second count sought to recover all the proceeds of the policies upon the ground of unjust enrichment of the defendant in keeping the moneys under the circumstances. The answer denies the agreement and reserves the right to move to strike the complaint at, before or during the trial, on the ground that same is insufficient in law and in fact and sets forth no cause of action against defendant. Defendant also pleaded *res adjudicata;* alleged that there was no privity of contract between plaintiff and defendant; denies being indebted to plaintiff's decedent; alleges that the parties liable for the funeral expenses are the plaintiff and decedent's husband, and that defendant did not order the funeral but that plaintiff did.

Two grounds were urged by counsel for the defendant on the argument for the nonsuit, first, that all the testimony that would be offered by the plaintiff would come within section 4 of the Evidence Act (now *R. S.* 2:97–2) and secondly, that the alleged agreement was within the statute of frauds, *R. S.* 25:1–5, it not being in writing and it being a promise to answer for the debt of another, and was not to be performed within one year from the making thereof. Additional grounds in support of the nonsuit are now urged but they are not available here, *State* v. *Snell,* 96 *N. J. L.* 299, unless in support of the proposition that though the reasons given by the court below for its action were erroneous, if, in fact, that action was proper on other grounds appearing in

the case it will not be disturbed, *Procacci* v. *U. S. Fire Insurance Co.,* 118 *Id.* 423, which is not the situation presented by the record before us.

The argument for the nonsuit was not predicated upon the fact that the opening did not state a cause of action or that it set forth a cause not contemplated by the complaint. If it had plaintiff would have been on notice and could have asked leave to reopen. *Henry* v. *Haussling,* 114 *N. J. L.* 222. As a matter of fact counsel for the plaintiff did in his opening state that he would show the agreement allegedly made between the deceased and the defendant. Further, upon a motion for a nonsuit addressed to the opening and the complaint the defendant admits everything well pleaded and every reasonable inference therefrom. *Cooper* v. *Singer,* 118 *Id.* 200. The case of *Carey* v. *Gray,* 98 *Id.* 217, relied upon by the defendant is not pertinent. There the court made a restatement of the facts related by counsel in his opening which was acquiesced in by him. This the Court of Errors and Appeals held "was, in effect, a waiver of reliance 'upon facts stated in the complaint and not stated or referred to in the opening."

The learned trial judge ruled that the suit was not cognizable in a court of law but should have been brought in the Court of Chancery for specific performance of the contract. The suit was properly instituted in a court of law. The complaint set forth a simple contract made between plaintiff's decedent during her lifetime, with the defendant. An administrator may sue on causes of action founded on contract connected with the estate entrusted to his care. 34 *C. J. S.* 692, *p.* 665. Even if the agreement constituted an express trust the suit was still properly in a law court to recover for the breach of the trust agreement. *Sergeant & Harris* v. *Stryker,* 16 *N. J. L.* 464; *Hanford* v. *Duchastel,* 87 *Id.* 205; *Capraro* v. *Propati,* 127 *N. J. Eq.* 419.

With respect to the contention that the evidence to be adduced would be within the prohibition of the Evidence Act, all that need be said is that the trial court properly did not attempt to anticipate what the plaintiff was going to be able to prove, or the manner of doing so.

At the time of the granting of the motion there was nothing before the court to show whether the alleged agreement was oral or in writing. If the trial had proceeded and it then developed that it was oral, it nevertheless would not have been within the statute of frauds. It was based upon an original promise. *Cowenhoven* v. *Howell,* 36 *N. J. L.* 323. The statute does not apply where there has been an entire performance by one of the parties. *Boyce* v. *Miller,* 15 *N. J. Mis. R.* 280; 190 *Atl. Rep.* 845. Because life is uncertain such an agreement as alleged might be fully performed within a year. *Eiseman* v. *Schneider,* 60 *N. J. L.* 291.

The judgment is reversed.