ANTHONY S. MANCUSO AND MILDRED CAGLIONE, RE-
SPONDENTS, v. UMBERTO LOFFREDO, APPELLANT.

Argued October 7, 1947—Decided January 12, 1948.

Before Justices BODINE, HEHER and WACHENFELD.

For the appellant, *Louis Santorf.*

The opinion of the court was delivered by

BODINE, J.   This is an appeal from the District Court.

The state of demand alleges the leasing of premises at 122
Marshall Street, Paterson, at a yearly rental of $780, payable
monthly from March 1st, 1946, and a subsequent parol agree-
ment whereby the landlord agreed to furnish hot water for
the additional sum of $3 per month.   This agreement the
tenant alleges was breached; hence, this action.

The state of demand pleads tender of the money due and
refusal to furnish hot water.   The plaintiffs had judgment.

Anthony S. Mancuso has since become bankrupt.   The
trustee in bankruptcy, though noticed, has not appeared in
the case and there is no brief for either respondent.   The lease
in writing obligated the landlord to furnish water.   It did not
specify hot water.

The basis for the recovery was failure to furnish hot water,
the right to which was predicated upon the parol .agreement
mentioned.   It was additional to the written undertaking.

The court on the proofs could find that the additional
agreement did not vary the written lease but adds a new
requirement not provided for.

It is next urged that the new agreement was void since it
was not to be performed within one year.   *R. S.* 25:1–5.   The

defense, though not pleaded, was available under a general denial of the contract. *Owen* v. *Riddle, Ex'r,* 81 *N. J. L.* 546; *Ziegener & Lane* v. *Daeche,* 91 *Id.* 634; *Maagget* v. *A. Brawer Silk Co.,* 95 *Id.* 72.

The learned trial court could find that the agreement was to furnish hot water for a stated sum during the period of the lease. Such a contract would have consideration and is like a promise to pay a sum weekly as long as the promisee resides in a certain place. *Burgesser* v. *Wendel,* 73 *N. J. L.* 286. This is a promise to pay monthly as long as the defendant furnishes hot water. Such a promise is not within the statute. *Georgetti* v. *Steuber,* 80 *Id.* 482.

"The rule is stated with admirable clarity by the late Judge White in *Smith* v. *Balch* [89 *N. J. Eq.* 566], as follows: 'In order for this provision of the statute (*R. S.* 25:1–5 e) to apply it must appear that the parties intended when they made the contract that it should not be performed within the year. If this does not expressly or clearly appear and the contract is one which, taking in consideration the subject-matter, may be performed within the year, the statute does not apply, although, in fact, a longer time was actually taken in performance.' It follows, therefore, that the trial court's refusal to nonsuit or direct a verdict for the defendant on this ground fails." *Reynier* v. *Associated Dyeing and Printing Co.,* 116 *N. J. L.* 481, 484.

Nor do we think that the damages were impossible of assessment. The natural and probable consequences of the failure to furnish hot water are capable of a finding and we think the finding of the trial judge was sustained by the evidence.

The judgment is affirmed.