## STORY v. JORRIS.

Court of Appeals of Kentucky.

Jan. 23, 1953.

Rehearing Denied March 27, 1953.

Marvin J. Sternberg, Louisville, L. C. Lawrence, Jamestown, for appellant.

Parker W. Duncan, Monticello, Phelps & Wilson, Jamestown, for appellee.

MILLIKEN, Justice.

Appellee, Mrs. Anna Ellen Jorris, instituted this action against appellant, R. P. Story, alleging that he had converted certain of her lumber and building materials to his own use without her consent. Appellant's original answer traversed the allegations of her petition, but later he filed an amended answer in which he pleaded

affirmatively that appellee's son, William, was her agent for the sale of this property and that William sold it to him. A failure to reply to the amended answer was not called to the attention of the trial court and the case proceeded to trial as if issue had been joined. At the conclusion of all the evidence, the court peremptorily instructed the jury to find for the appellee the reasonable value of the lumber and material taken and the jury returned a verdict for $1,200, upon which judgment was entered.

The appellant contends that the trial court erred in not sustaining his motion for a peremptory instruction because of the failure of the appellee to traverse the affirmative allegation in his amended answer to the effect that he purchased the property from the appellee's son, William, as her agent. When the appellee elected to waive the tort allegedly committed by the appellant and to bring her action on a contract implied by law to pay for the value of the property removed, she avoided this pleading pitfall. See Ward v. Guthrie, 193 Ky. 76, 234 S.W. 955; Kentucky Stave Co. v. Page, Ky., 125 S.W. 170; Christopher v. Covington, 2 B.Mon. 357, 41 Ky. 357, 369. It is well settled in ex contractu and equity actions that when a party fails to traverse an affirmative allegation, but the case is tried as if issue had been joined, the failure to traverse is deemed waived. Short v. Robinson, 280 Ky. 707, 134 S.W.2d 594; Hardin's Committee v. Shelman, 245 Ky. 508, 52 S.W.2d 923. Since the present action is on an implied contract, the failure to traverse the affirmative allegation in the appellee's answer was waived by proceeding to trial as if issue had been joined.

The appellant's next contention that appellee's son was her agent for the sale requires a summary of the evidence. The appellee and her three sons formerly lived on a Russell County, Kentucky, farm which was acquired by the United States government about ten years ago in connection with its construction of Wolfe Creek Dam. Subsequent to the sale of the farm, appellee purchased the dwelling house and the barn from the government and had these structures dismantled. The salvaged lumber and material were stored on appellee's Clinton County, Kentucky, farm. Later the appellee purchased two farms in Indiana and moved her family to that state. She lived on one Indiana farm and William and his family lived on the other. During the fall of 1949, William, accompanied by a companion, came to Russell County and sold the property in question to the appellant for $250. In fact, he even tried to sell the whole farm to the appellant. The appellant testified that William told him that he had his mother's permission to make such sales and that he actually paid William $25 in cash and $225 by check for the salvaged lumber. Upon discovering what had occurred, William's mother informed appellant that she had not given her son permission to make the sale and asked the appellant to return the property which he had removed. When appellant refused to do so, although he refrained from removing any more of the lumber or materials, appellee filed this action. The appellant relied on the testimony of Harvey J. Smith, a friend of William's, who stated that he visited appellee's home in Indiana on two occasions with William, and that on one of these visits appellee, in her conversation with William, stated that she was not interested in the lumber but that he did not know to what specific lumber she referred.

As to whether William was his mother's agent for this sale, the appellant maintains that the parent-child relationship, plus the conduct of the parties in the past, gives rise to an implied authority on the part of William to make the sale. 67 C.J.S., Parent and Child, § 62(b), page 791; 39 Am.Jur., Parent and Child, Section 4, page 590. The appellant testified that when William and his mother lived in Kentucky, he had seen William taking mules to the blacksmith to be shod, produce to the market, grain to the mill, and had seen him do general work on the farm. On one occasion he said he purchased two calves and one hog from William, but could not say whether the hogs belonged to William or to his mother. The testimony of other witnesses, considered collectively, is to the effect that they had seen William perform general farm labor. However, all of these activities occurred a

number of years ago when appellee and William lived in Kentucky. On the other hand, the appellee testified that William had always been a problem child and had indulged in intoxicating spirits since an early age and is now a chronic alcoholic. She said that she seldom entrusted any transaction to him where he would handle money because of the danger of his spending it on liquor.

We believe that the evidence as to the prior conduct of William and his mother is insufficient to give rise to an implied authority to William to make the sale involved herein. The crux of the matter is that the transactions relied upon to establish agency must be similar to the transaction in question to justify an inference of agency. Kentucky-Pennsylvania Oil & Gas Corp. v. Clark, 247 Ky. 438, 57 S.W.2d 65, Vogue Silk Co. v. A. Brawer Silk Co., 95 N.J.L. 72, 111 A. 656, and these transactions offered in evidence were not of such a nature.

We do not believe the amount of the judgment is excessive.

The judgment is affirmed.

DUNCAN, J., not sitting.