42 N.J. Super. 236 (1956)
126 A.2d 29
WILLIAM EDWARDS, PLAINTIFF-RESPONDENT,
v.
WYCKOFF ELECTRICAL SUPPLY COMPANY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 1, 1956.
Decided October 25, 1956.
*237 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. George F. Losche argued the cause for appellant (Mr. John D. Morrison, attorney).
Mr. Maurice Levinthal argued the cause for respondent (Messrs. Ward & Levinthal, attorneys).
The opinion of the court was delivered by JAYNE, J.A.D.
An examination of the pleadings in this action reveals a complaint by the plaintiff alleging that:
"1. In April or May, 1953, plaintiff and defendant agreed that defendant would employ plaintiff as manager of its electrical supply business at 289 Franklin Avenue, Wyckoff, New Jersey, and that plaintiff would be compensated for his services at a net salary after the usual deductions, of $95.00 a week, plus 2 per cent of all the gross sales of said business, to be paid to him at the end of each year.
2. In accordance with said agreement plaintiff served as manager of said business for defendant from April or May, 1953 until the month of December, 1954, and was entitled to receive the aforesaid salary and commission during said period of employment.
3. Defendant failed and refused to pay plaintiff the commission on the gross sales in accordance with their agreement although requested to do so."
*238 In answer thereto the defendant denied in a general manner each and every allegation of the plaintiff's complaint. At the pretrial conference no endeavor was exerted to amend or supplement the pleadings and the defendant's defensive position was summarized as follows:
"3. Deft's contention that there was an oral contract of hiring at a stipulated weekly salary of $102.00. This employment contract was oral and continued in full force and effect without any objection whatsoever from the plf from the week ending May 1, 1953 to Dec. 10, 1954. No other agreement of any sort were made between plf and deft. Plf on his own terminated his contract of employment by serving two weeks notice of such termination on deft."
Such was the frame of the controversial issue, obviously one of fact, as the action came to trial before a jury in the Bergen County Court. At the inception of the trial it was stipulated by counsel for the parties that the amount of the claimed commissions together with the accrued interest was slightly in excess of $2,000, and it was agreed that "either the plaintiff is entitled to $2,000 or nothing."
The trial judge presented to the jury for decision the single factual issue created by the conflicting and divergent evidence relative to whether the oral agreement embodied the provision for the payment to the plaintiff of the 2% commission. No objection was addressed to the charge of the court on behalf of either party.
There was adequate evidence presented at the trial to justify the jurors, upon their determination of its credibility, in resolving that an oral contract of employment embracing the terms as alleged by the plaintiff had in fact been made. A verdict for the plaintiff in the stipulated amount eventuated and the defendant here appeals from the conformable final judgment.
The ground of appeal here asserted by counsel for the appellant arose in a somewhat peculiar fashion. It was not until the termination of the testimony affirmatively introduced on behalf of the plaintiff that counsel for the defendant sought to invoke the restraining provision of the *239 statute of frauds that the plaintiff's evidence conclusively disclosed an agreement that was not to be performed within one year from the making thereof, hence the plaintiff's alleged cause of action based thereon should as a matter of law be dismissed. Counsel in his advocacy of the motion invited the attention of the trial judge to N.J.S.A. 25:1-5(e); McElroy v. Ludlum, 32 N.J. Eq. 828 (E. & A. 1880); Degheri v. Carobine, 100 N.J. Eq. 493 (Ch. 1926), reversed on another ground, 102 N.J. Eq. 264 (E. & A. 1928); Deevy v. Porter, 21 N.J. Super. 278 (App. Div. 1952), affirmed 11 N.J. 594 (1953).
The motion was denied and the controversial issue modeled by the pleadings and pretrial order, i.e., whether the employment agreement embraced a covenant by the defendant to remunerate the plaintiff in addition to the weekly salary by the payment of the alleged two percent commission, was ultimately submitted to the jury for determination.
Significantly the charge of the court transporting that sole issue to the jury encountered no timely objection by counsel for the defendant. The jury thereupon retired. It was thereafter that the tardy and dilatory idea of requesting leave to amend the defendant's answer to aver the statute arrived at the scene.
Counsel's then belated endeavor to thus stimulate the answer at that penultimate stage of the trial was denied. It is the denial of the aforementioned motion that constitutes in breadth the fundamental reason advanced by the present appeal for the reversal of the final judgment rendered in favor of the plaintiff for the stipulated sum of $2,000 with costs.
It is also of incidental interest to notice that one of the defendant's precursory defenses was that the officer of the defendant who employed the plaintiff lacked authority to engage him for a year on the basis of a supplementary commission on sales. Indeed, one cannot escape the impression that the ultimate endeavor of the defendant to employ the statute of frauds in the present action was a designedly postponed stratagem or an apostasy.
*240 No one can reasonably doubt that counsel for the defendant should have in the spirit of fairness in some manner forewarned counsel for the plaintiff of his possible intervention of the statute, but the attitude is assumed by the defendant that the invocation defensively of the statute of frauds is procedurally embodied in an answer of general denial of the alleged contract. The justification for that position leans upon the adjudications in Owen v. Riddle, 81 N.J.L. 546, 547 (E. & A. 1911); Maagget v. A. Brawer Silk Co., 95 N.J.L. 72, 76 (Sup. Ct. 1920); Mancuso v. Loffredo, 136 N.J.L. 370 (Sup. Ct. 1948); former Sup. Ct. Rule 58; Lozier v. Hill, 68 N.J. Eq. 300, 305 (Ch. 1904); Douma v. Powers, 92 N.J. Eq. 25, 27 (Ch. 1920); in contrast, where the agreement is acknowledged to be oral, vide Ziegener v. Daeche, 91 N.J.L. 634, 636 (E. & A. 1918); Douma v. Powers, supra.
Directive of our present practice governing the composition of pleadings is R.R. 4:8-3, deliberatively promulgated with an awareness of the former practice in our jurisdiction and iterative of Federal Civil Rule 8(c), 28 U.S.C.A. It ordains that in responding to a preceding pleading, a defendant shall set forth affirmatively such a defense as the statute of frauds. An implication of waiver for the failure to do so sprouts from R.R. 4:12-8; Schnitzer and Wildstein, N.J. Rules Serv., A IV - 312.
We ought not ignore the degree of significance ascribed to the counterpart of this procedural rule by the decisions of the federal courts in such cases in their jurisdiction as Morgan Electric Co., Inc. v. Neill, 198 F.2d 119, 122 (9 Cir. 1952); Oedekerk v. Muncie Gear Works, 179 F.2d 821, 822 (7 Cir. 1950); Piest v. Tide Water Oil Co., 27 F. Supp. 1020 (D.C.S.D.N.Y. 1939); Continental Collieries v. Shober, 130 F.2d 631, 635 (3 Cir. 1942).
Conspicuous in our modern rules of practice and procedure is the object to prevent the subtle disguise or concealment of unsuspected theoretical causes of action and defenses and indeed of the identity of proposed witnesses, all *241 to the end that the administration of justice shall be expeditious, pragmatical, and realistic.
In our practice of today the directions expressed in R.R. 4:8-3 should be obeyed and the requirement ought not to be relaxed except when its enforcement would in a given case be inconsistent with substantial justice.
In view of the factual finding of the jury in the present case determinative of the particular issue obviously molded by the litigants, the introduction again here of the unpleaded statute of frauds only supplies the appellant with another argumentative avenue through which it would eventually hope to escape its indebtedness confirmed by the verdict of a jury. Cf. Lertch v. McLean, 18 N.J. 68 (1955).
But, moreover, we meditate the subject whether the provision of the statute of frauds is applicable to the pertinent facts disclosed by the evidence, even though it is assumed therefrom that the employment was for a period of one year, commencing subsequent to the date of its making.
It appears to be acknowledged that the plaintiff actually pursued the duties of his employment from May 1953 until December 1954. He fully completed his obligation under the contract leaving absolutely nothing to be done pursuant thereto but his remuneration by his employer of his commissions.
Public policy is normally responsive, although sometimes languidly, to the eventual experiences in employment relations. It is not distant from our knowledge to say that public policy has had its influence upon the adjusted interpretation of the statute of frauds. Familiar to all of us is the information that courts of equity propagated the doctrine of partial performance; then came the principle of full and complete performance by a party to an agreement not to be executed within a year.
Courts in general have not unanimously and unqualifiedly adopted the latter principle. See, 6 A.L.R.2d 1053, 1111. There are discoverable in our own reports several decisions declaring that full and complete performance by the one party to a contract within the year terminates the applicability *242 of the pertinent provision of the statute. Vide, Berry v. Doremus, 30 N.J.L. 399, 403 (Sup. Ct. 1863); Boyce v. Miller, 15 N.J. Misc. 280 (Sup. Ct. 1937); Thompson v. Van Hise, 133 N.J.L. 524, 527 (Sup. Ct. 1946).
Professor Corbin has commented:
"Furthermore, the same result is and should be reached if the plaintiff has fully performed, even though such full performance was not completed within a year. There is nothing in the statute to require a distinction; and it is the fact that full performance has been rendered that affords a reason for enforcement, and not the time within which it was rendered."
2 Corbin on Contracts 577, § 457. Accordant, Restatement, Contracts, § 198; 39 Minnesota Law Review 899-902; 49 Am. Jur. 860, § 554; 37 C.J.S., Frauds, Statute of, § 251, p. 762.
Assuredly in the particular circumstances of the present case wherein it is evident that the plaintiff has fully and completely performed all of the services contemplated to be accomplished by him pursuant to the oral contract, leaving only the unilateral promise of the defendant to remunerate the plaintiff, the application of the pertinent provision of the statute would produce intolerable mischief by depriving the plaintiff who has in good faith irretrievably discharged his undertaking of the fruits of his labor. Vide, Cauco v. Galante, 6 N.J. 128, 138 (1951). Such is not the design of the statute.
Judgment affirmed.