42 N.J. Super. 364 (1956)
126 A.2d 365
EDWARD JAMES HOBLIN, PLAINTIFF-RESPONDENT,
v.
WYCKOFF GENERAL SUPPLY CO., INC., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 1, 1956.
Decided October 30, 1956.
*365 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. George F. Losche argued the cause for appellant (Mr. John D. Morrison, attorney).
Mr. Maurice Levinthal argued the cause for respondent (Messrs. Ward & Levinthal, attorneys).
The opinion of the court was delivered by JAYNE, J.A.D.
The Wyckoff Electrical Supply Company and Wyckoff General Supply Co., Inc., are corporations *366 of common stock ownership whose businesses are affiliated. We have lately been concerned on appeal with the action prosecuted against the former company by one William Edwards [Edwards v. Wyckoff Electrical Supply Co.], 42 N.J. Super. 236 and also the present action against the latter corporation. The controversial issue in each action implicating an alleged oral agreement between the parties obligating the defendant therein named to pay to the designated plaintiff in addition to a stipulated salary a commission of two per cent on sales, was in essence similar. The actions were separately tried in immediate succession. In each action the jury returned a verdict in favor of the plaintiff, and in each the defendant therein has appealed from the consequent final judgment.
The appeal in each action has projected the question whether under the evidence of like import in material respects the statute of frauds (N.J.S.A. 25:1-5(e)) concerning oral agreements not to be performed within one year from the making thereof, was applicable as a bar to the alleged cause of action.
We freely discussed the failure of the defendant to aver the defense specifically in its answer, the omission of the defense in the pretrial order, and the belated endeavor to amend the answer, in our decision rendered in the Edwards case to which reference has been made. A repetition of our comments herein would be redundant.
We there adopted the principle of full and complete performance by the plaintiff and denied the application of the pertinent provision of the statute of frauds.
Suffice here appropriately to quote the concluding paragraph of the opinion:
"Assuredly in the particular circumstances of the present case wherein it is evident that the plaintiff has fully and completely performed all of the services contemplated to be accomplished by him pursuant to the oral contract, leaving only the unilateral promise of the defendant to remunerate the plaintiff, the application of the pertinent provision of the statute would produce intolerable mischief by depriving the plaintiff who has in good faith irretrievably discharged *367 his undertaking of the fruits of his labor. Vide, Cauco v. Galante, 6 N.J. 128, 138 (1951). Such is not the design of the statute."
On this branch of the present appeal our conclusion is parallel with that expressed in the decision of the Edwards case.
We recognize the additional ground of appeal in the present action. It is to be initially noted that while the two actions were tried in succession before the same judge and by the same attorneys and testimony was given by some of the same witnesses, the party litigants were not the same and the factual issue in the latter action, although of a similar character, related to the making of an employment agreement entirely independent of that alleged in the Edwards case. Vide, 31 Am. Jur. 675, § 162.
It appears to be the acknowledged fact that when the trial of the present action was undertaken on April 25, 1956, there were the names of only a few, perhaps ten, of the members of the general jury panel available for selection from the box. The twelve jurors who had served in the Edwards case, however, had concluded their duties in that trial and had returned to the courtroom.
In that exigency a conference occurred between the judge and the attorneys, and the names of the 12 jurors who had been impaneled in and had determined the preceding Edwards case were replaced in the box. N.J.S.A. 2A:74-5. After 12 jurors to try the present action had been drawn and challenges exercised, the following colloquy ensued:
"The Court: Has the plaintiff any questions of the jurors?
Mr. Levinthal: No. The Jury is satisfactory.
The Court: Have you any, Mr. Morrison?
Mr. Morrison: Satisfactory.
The Court: The jurors may be sworn.
(The Jury was sworn)."
Upon the resumption of the trial on April 27, 1956, counsel for the defendant who, as hereinbefore stated, had *368 previously participated in the trial of the Edwards action, imparted to the court that two of the jurors who had acted as such in the Edwards case were members of the jury in the present action, and he requested the court for that reason to declare a mistrial.
Whether in that situation the trial judge aside from the questionable legal and procedural merits of the motion should have granted the motion and precautiously afforded an opportunity to substitute two other jurors does not appropriately call for our comment. Our appellate function is to determine whether his discretionary denial of the motion so prejudicially affected the substantial rights of the defendant as to require a nullification of the judgment. R.R. 1:5-3(b).
Assuredly the mere circumstance that a juror has served and participated previously in the determination of a case between different parties involving the making or existence of some distinctly independent oral contract of employment does not of itself positively disqualify him from jury service in subsequent actions relating to comparable issues in the same category. Indeed, see Patterson v. State, 48 N.J.L. 381, 389 et seq. (Sup. Ct. 1886); cf. State v. Carlino, 99 N.J.L. 292 (E. & A. 1923); State v. Gallo, 128 N.J.L. 172 (Sup. Ct. 1942), affirmed 129 N.J.L. 52 (E. & A. 1942); State v. Grillo, 16 N.J. 103, 112 et seq. (1954).
These two jurors had avowed under oath their intention to act impartially and to discharge their duty to find a verdict based only on the evidence in the case. It is not even demonstrable that they entertained a preconceived opinion of the merits of the present case which, if so, would not necessarily disqualify them. State v. Jefferson, 131 N.J.L. 70 (E. & A. 1943); State v. Grillo, supra, 16 N.J., at page 114.
Moreover in this instance trial counsel for the defendant had absolute knowledge of the jurors who had constituted the jury in the Edwards case (and probably of their verdict therein), yet nevertheless expressly assured the court on *369 behalf of the defendant in the present action of his satisfaction with the jury thus impaneled. The denial to him in the circumstances of an opportunity to recant does not warrant the reversal of the judgment. It is affirmed.