FRANCIS DOLAN AND CATHERINE DOLAN, RESPONDENTS, v. JULIA E. MILLER, APPELLANT.

Submitted January 25, 1935—Decided July 2, 1935.

Before Justices LLOYD, CASE and DONGES.

For the appellant, Quinn, Parsons & Doremus (Theodore D. Parsons and Theodore J. Labrecque, of counsel).

For the respondents, Durand, Ivins & Carton (J. Victor Carton, of counsel).

The opinion of the court was delivered by

LLOYD, J. The action was brought by the plaintiffs upon an alleged joint employment, the wife to act as laundress and the husband as caretaker for the defendant. The state of the case exhibits nine counts in which various sums are alleged to be due under this employment for the months of May, June and July, 1932. The wife alone was called as to the contract and testified that in March, 1926, she applied for the position for herself and her husband, that defendant stated that she would try them out, and if at the end of the

month they were satisfactory they would be hired by the year. She further testified that they were discharged on June 3d, 1932, being paid the sum of $120. Objection was made to proofs tending to show a hiring for a year as contrary to the statute of frauds. This ruling was made a ground of appeal. Other grounds of appeal are urged but are either not well founded or are not adequately presented for consideration.

Section 5 of the statute of frauds provides that "no action shall be brought upon any agreement that it is not to be performed within one year from the making thereof unless the agreement upon which such action shall be brought or some memorandum or note thereof shall be in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized."

It is clear that the contract, if one can be extracted from the very slight testimony produced, was entered into in March, 1926. It is equally clear that the entire employment, being dependent upon whether the service was satisfactory, could not be entered upon until after that date, and hence if such a contract is one contemplated by the statute to be per-formed within a year from its making the contract in the present case was invalid.

In the case of *McElroy* v. *Ludlum*, 32 *N. J. Eq.* 828, it was held by the Court of Errors and Appeals that a contract for compensation for services, the employment to be for a year or years and to commence at a day subsequent to the making of the agreement, was within the statute of frauds as not being one to be performed within a year from the making and could not be enforced; that if services had been per-formed under the agreement they could be recovered for on the basis of a *quantum meruil* only.

In the present case an action as already noted is for services during the months of May and part of June which had been actually performed. The remainder of the claim is for the balance of the month of June and the month of July in which no services were performed.

There was error in the admission of the proof and there was further error in the submission to the jury of the fact of a hiring by the year.

By this ruling and the instruction to the jury the defendant was injured as appears from the fact that the jury's award was for not only the amount due for services actually performed in the month of May and part of the month of June, but covering compensation for the portion of the month of June and the whole of the month of July for which no services were rendered.

The judgment is reversed, and a new trial awarded.