CHARLES LaBETT, PLAINTIFF-APPELLEE, v. HEYMAN BROTHERS, INCORPORATED, A CORPORATION OF NEW JERSEY, DEFENDANT-APPELLANT.

Argued October 2, 1935—Decided November 26, 1935.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the appellant, *Abner W. Feinberg.*

For the appellee, *Thomas Brunetto.*

The opinion of the court was delivered by

PERSKIE, J. The question, dispositive of this appeal, is: Did the oral contract between the parties here violate section 5 of our statute of frauds?

Plaintiff, a furniture salesman, sued defendant, furniture dealers, for wages and commissions based on an oral contract of hiring.

The state of demand is made up of two counts. The first count alleges a definite agreement of hiring of the plaintiff by defendant, for a period of one year, at $35 a week, plus a sum equal to one per cent. on merchandise sold by him; that he commenced work on September 13th, 1934; and was discharged on December 29th, 1934; that defendant paid plaintiff the weekly wage of $35 for five weeks and thereafter the basic wage compensation was increased to $40 a week. This count was for the commission which plaintiff alleged was due him on December 29th, 1934. The second count was for the weekly wage of $40 from December 29th, 1934, to date of suit, January 30th, 1935. Defendant, by way of counter-claim, denied the hiring for a year; it alleged, substantially, that it was for an indefinite period, at a salary of $20 a week, plus a sum equal to one per cent. of the sales made; that plaintiff was to draw $35 a week, $20 against salary and $15 against commissions to be earned; and that he was to refund all over payments on commissions; that after the first three weeks plaintiff was allowed a drawing account of $40 a week, for a period of eleven weeks— when plaintiff's contract was terminated by the latter. Defendant sought to recover from plaintiff the sum of $102.30, which it asserted it had overpaid plaintiff and which the

latter, under his agreement of employment, promised to refund.

Plaintiff's proof showed that he was in fact employed on September 13th, 1934, for a period of one year beginning September 17th, 1934; it also appeared that he did a day's trial work, demonstrating his ability as a salesman, on September 14th, 1934. On September 15th, 1934, he was notified to appear on the following Monday, on which date— September 17th, 1934—he actually commenced work. The colloquy between the court and plaintiff's counsel is rather dispositive of the issue here.

"The court—What period was that, what period was covered by the last employment? Mr. Brunetto—September 17th to December 29th, your honor. *It is our contention that the agreement was originally entered into on September 13th, and that he commenced work on September 17th.*"

Defendant's motion for a nonsuit on the ground, among others, that the oral contract between plaintiff and it violated section 5 of our statute of frauds (2 *Comp. Stat.* 1709-1910, *p,* 2612), was denied.

Defendant then offered proof in support of its counter-claim; lack of authority on the part of its officers to make a contract of hiring for a longer period than week to week. It then moved for a directed verdict. The trial judge also denied this motion.

Thereafter the trial judge rendered judgment in favor of the plaintiff and against the defendant, in the sum of $180 on the first count and in the sum of $200 on the second count, and found in favor of the plaintiff and against the defendant on the latter's counter-claim.

We think that it was error for the trial judge to deny defendant's motions of nonsuit and for a direction of a verdict in its favor. It seems to us that the proofs, and the stated position of the plaintiff, as to the time and term of the oral contract of hiring, brought it squarely within the interdiction of the statute of frauds. The contract, as stated, was made on September 13th, 1934, for one year commencing September 17th, 1934, and not being in writing, was invalid. *McElroy* v. *Ludlum,* 32 *N. J. Eq.* 828; *Dolan* v. *Miller,* 13 *N. J. Mis. R.* 543; 179 *Atl. Rep.* 619.

Defendant's counter-claim presented a pure factual question. There was ample evidence for the trial judge, sitting without a jury, to find, as he did, in favor of the plaintiff.

Under these points it becomes unnecessary to discuss the other points argued.

Judgment in favor of the plaintiff and against the defendant on plaintiff's suit is reversed, and since a retrial cannot change the invalidity of the contract on which the judgment was based, a judgment is entered in this court in favor of the defendant and against the plaintiff below. Judgment in favor of the plaintiff on the defendant's counter-claim is affirmed. Since each party is partly successful there will be no costs allowed to either one. *Moore* v. *Splitdorf Electrical Co.*, 114 *N. J. Eq.* 358; 168 *Atl. Rep.* 741.