HAROLD E. BARNES, PLAINTIFF-APPELLANT, v. P. & D. MANUFACTURING CO., A CORPORATION, DEFENDANT-RESPONDENT.

Argued May 18, 1939—Decided September 22, 1939.

For the plaintiff-appellant, *Joseph J. Corn*.

For the defendant-respondent, *Kristeller & Zucker* (*Lionel P. Kristeller*).

The opinion of the court was delivered by

BODINE, J. The appeal is from a judgment of nonsuit entered on the first and second counts of the complaint and a directed verdict of six cents in appellant's favor on the third count. Several phases of the case have been before the courts in *Barnes* v. *P. & D. Manufacturing Co.*, 117 *N. J. L.* 156, and *P. & D. Manufacturing Co.* v. *Barnes*, 120 *Id.* 229.

Appellant in this case sought compensation for labor and the use of his alleged inventions in the manufacture of automotive accessories. The trial court granted a nonsuit on the first and second counts, holding that the proofs showed that the contract for services, the basis of those counts, was oral, and could not be performed within one year from the making thereof, and was consequently unenforceable by virtue of the statute of frauds which had been specially pleaded. He also directed a verdict on the third count for six cents damages because of lack of proof of anything greater.

The defendant was engaged in the manufacture and sale of automotive accessories in Long Island City. The appellant during the summer of 1930 showed the defendant an invention he had made. The nature of his future connection with the defendant was discussed and he was requested to submit a proposed written agreement embodying the terms thereof.

Such a contract was prepared by his patent attorney, and submitted to the defendant on or about August 1st, 1930. However, it was never executed by either party. An attempt was made to prove a parol agreement of like terms; such agreement providing for services to be rendered over a period of five years would offend the statute of frauds.

"An Act for the Prevention of Frauds and Perjuries" provides as follows: "No action shall be brought (1) * * *; or (2) * * *; or (3) * * *; or (4) * * *; or (5) upon any agreement, that is not to be performed within one year from the making thereof; unless the agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized." *R. S.* 25:1-5.

Mr. Justice Depue said in *McElroy* v. *Ludlum*, 32 *N. J. Eq.* 828, 832: "But if the evidence established the agreement set out in the bill, the complainant would, nevertheless, be debarred of the relief prayed for. The suit is in substance an action to enforce a legal demand. It must, therefore, be decided upon the legal principles by which the right of a party to recover compensation for services rendered, under a contract invalid by the statute, is determined. Performance of a contract invalid by the statute, will not validate the contract so as to enable a party to enforce it by an action upon the contract. Unless in cases specially provided for in the statute, part performance will not validate the contract at law. The *dictum* that part performance will make valid a contract invalid by the statute of frauds, is exclusively a creature of equity, and applies only to contracts relating to lands, and does not extend to contracts relating to other matters."

When this case was previously in this court on an appeal from the judgment striking the complaint (*Barnes* v. *P. & D. Manufacturing Co., Inc.*, 117 *N. J. L.* 156), all that was decided was that the case was not then ripe for a decision dismissing appellant's cause of action. Mr. Justice Perskie said: "The determination of these questions (statute of frauds, estoppel, termination, &c.) must await their timely presentment."

The case has now been tried and the motion to nonsuit, as to the first and second counts, based upon the fact that the evidence before the trial court undeniably disclosed that the contract, upon which the counts were based, was invalid under the statute of frauds and was consequently unenforceable, was properly decided. The learned trial judge said: "The contract upon which the action is based is undeniably an oral one. It is for services not to be performed within one year, and as such it was void and unenforceable under section 5 of the statute of frauds. Also see *McElroy* v. *Ludlum*, 32 *N. J. Eq.* 828; *Dolan* v. *Miller*, 13 *N. J. Mis. R.* 543. By the very terms alleged, it was one which was not intended to be, and could not be performed or completed within one year. In the case of *Reynier* v. *Associated Dyeing and Printing Co.*, 116 *N. J. L.* 481 (at *p.* 484), Chief Justice Brogan, speaking for the court said: 'Oral agreements that cannot be performed within a year, are those that are invalid under the statute.' Termination, through bankruptcy or breach did not mean completion or performance. Neither does the alleged part performance of the contract on the part of the appellant make the contract enforceable as a contract. The doctrine of part performance, saving an agreement from the statute of frauds, belongs to the court of equity, particularly in suits for specific performance. Alleged performance of the contract by the appellant, then, does not entitle him to recover according to the terms of the contract. The contract, as such, is not rendered enforceable by part performance. * * *"

In *Marble* v. *Clinton, Mass.*, 9 *N. E. Rep.* (2d) 522, the Supreme Judicial Court of Massachusetts held: "Contracts for service for more than a year, subject to termination within a year at the election of a party upon the happening of some event, or even at the mere will of a party, have generally been held to be within the statute. The contemplated performance would occupy more than a year. If the contract should be terminated within the year, the result would not be an alternative form of performance, but excusable nonperformance. *Doyle* v. *Dixon*, 97 *Mass.* 208; *Radio Corp.* v. *Cable Radio Tube Corp.*, 66 *Fed. Rep.* (2d) 778; *Union Car Advertising Co.* v. *Boston Elevated, &c.*, 26 *Fed. Rep.* (2d)

755; *Hanau* v. *Ehrlich* (1912), *A. C.* 39; *Wagniere* v. *Dunnell*, 29 *R. I.* 580; *Meyer* v. *Roberts*, 46 *Ark.* 80; *Williston, Contracts* (*Rev. Ed.*), § 498."

The case of *Smith* v. *Balch*, 89 *N. J. Eq.* 566, a contract without a fixed term, was obviously not within the statute. The case of *Reynier* v. *Associated Dyeing and Printing Co.*, 116 *N. J. L.* 481, a case of a contract terminable at the will of either party, the court held was not within the statute. The case of *Kelly* v. *Guarantee Trust Co.*, 15 *Misc.* 25, does not support appellant's argument since the oral contract there involved was a hiring from month to month.

Appellant cites *Berry* v. *Doremus*, 30 *N. J. L.* 399, and *Boyce* v. *Miller*, 15 *Misc.* 280, for the proposition that full performance by one party to an oral contract, which could not be fully performed by the other party within one year, takes the case outside the statute. The facts in the cited cases clearly demonstrate why this rule cannot be applied to the case at bar. In the Berry case, a vendor of real estate put the vendee into possession under an oral contract. The vendor's claim for the considerable moneys was recognized because he had fully performed when the contract was made. There was nothing further for him to do.

Further it may be said in passing that the second and third counts of the complaint were for unliquidated damages, not cognizable in a suit instituted by attachment under the Attachment act, and justified a nonsuit.

In *MacDowell & Co.* v. *Burke*, 3 *N. J. Mis. R.* 740, Mr. Justice Lloyd said: "But it is said that the plaintiff could not succeed in its motion because of having entered a general appearance to the action. Here, again, it seems to me the plaintiff cannot prevail. The original affidavit filed in the cause was in statutory form, and averred the existence of a debt for which an attachment would lie. It was to the action as thus founded that the defendant entered an appearance. At that time the complaint now being dealt with had not been filed, and is based upon a cause of action for which an attachment would not lie. When the appearance was entered it must have been upon the assumption that the plaintiff had a legal cause of action sustainable under a proceeding by

attachment. When the complaint was filed it was for a cause of action of which the court in that form of procedure would have no jurisdiction. To permit a party to bring into court a defendant by attachment of its property based upon an asserted cause of action cognizable therein, and thereafter introduce a claim, which, if filed in the beginning, would have nullified the proceeding, would be to sanction an imposition on the defendant and a perversion of the process of the court. When the defendant entered its appearance it was bound to anticipate the filing of any cause of action for which an attachment would lie. It was not bound to anticipate a cause of action for which an attachment would not lie. Under these circumstances, it seems to me to be most inequitable that the defendant should be estopped by its appearance from contesting the right of action as now sought to be recovered. It also seems to me that this position is supported by ample authority in other cases under the act." See, also, *Hecksher* v. *Trotter,* 48 *N. J. L.* 419; *Winant* v. *Nautical Preparatory School,* 70 *Id.* 367; *Winant* v. *Nautical School,* 27 *N. J. L. J.* 202.

We do not think that there was reversible error in directing a verdict for six cents damages in appellant's favor; assuming that the third count was for liquidated damages and further assuming that the plaintiff was entitled to recover for the reasonable value of the use of his unpatented devices—perhaps a violent assumption. Generally, it has been thought necessary to establish in a proper tribunal the title to and the validity of a patent and then seek in equity an accounting for the value of the use thereof. Still there was no harm to the plaintiff in limiting recovery to nominal damages because none other were proved.

We have carefully considered all the other points made and they are without merit.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, PARKER, CASE, BODINE, HETFIELD, DEAR, WELLS, RAFFERTY, JJ.  8.

*For reversal*—THE CHIEF JUSTICE, DONGES, HEHER, PERSKIE, PORTER, WOLFSKEIL, HAGUE, JJ.  7.